Law Offices of Mark D. Crawford, PLLC
1005 N. Glebe Road, Suite 210
Arlington, VA 22201
(202) 256-1244
mcrawford@mdc-law.com
Counsel for Steven Sushner
(202) 256-1244

Thomas J. Powell, Esq.
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Tom.powell@offitkurman.com
(703) 745-1800

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | ) | 23-00306-ELG |
| | ) | |
| 4022 GEORGIA AVENUE, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

**SUPPLEMENTAL STATMENET IN SUPPORET OF MOTION TO REIMBURSE SUSHNER FOR SPECIAL COUNSEL FEES NECESSARILY INCURRED**

**I.     Procedural Posture**

On January 29, 2025, this matter was called for hearing on the Motion of Creditor, Steven Sushner ("Sushner") (former manager of Debtor) for reimbursement of Special Counsel fees ("Motion to Reimburse") pursuant to 11 U.S.C. §§ 327, 330, 331, 503 and 507 (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). After hearing the argument of counsel and considering the pleadings submitted, the Court granted leave for Sushner to submit a supplemental statement in support of the Motion to Reimburse. The Trustee did not dispute the quality of the work or amount sought by Special

Counsel but contended that the professional services of Special Counsel did not result in an actual demonstrable benefit to the debtor's estate and the creditors. After hearing the argument of counsel and considering the pleadings submitted, the granted leave for Sushner to submit a supplemental statement in support of the Motion to Reimburse. This pleading, and the evidence attached hereto, constitute Sushner's Supplemental Statement.

## II. Additional Background and Evidence in Support of the Motion to Reimburse

### A. Overview

The services of Special Counsel relate primarily to their representation of Debtor in a 2-day evidentiary hearing before the District of Columbia Office of Administrative Hearings ("OAH") that took place on April 9-10, 2024 ("the OAH Hearing"). All exhibit numbers and hearing transcript ("HT") page references relate to the evidence presented at the OAH Hearing, unless otherwise stated. Unless otherwise stated, all hearing testimony and exhibits referenced in this pleading were accepted into evidence by the Honorable Claudia Crichlow, the OAH Administrative Law Judge that presided over the OAH Hearing and issued the OAH Final Order that is currently on appeal with the District of Columbia Court of Appeals.

### B. Factual Detail

1. The D.C. Department of Consumer and Regulatory Affairs ("DCRA") (predecessor to D.C. Department of Buildings ("DOB")) issued an "Order to Correct" ("OTC") to Debtor on December 2, 2021. PX 109. The OTC ordered Debtor to provide viable engineering plans for supplemental structural support at 4022 Georgia Avenue, NW, and to perform the construction necessary to install the supplemental structural support. Ex. 109[1].

---

[1] DCRA directed the same OTC to DV Investments, Inc. ("DVI"). DVI did not appeal and was not party to the OAH Hearing.

2. Debtor timely appealed the OTC on December 16, 2021. Ex. 110, 111. Notwithstanding its timely appeal, Debtor voluntarily presented a proposed plan for supplemental structural support and received approval of the proposed design on January 26, 2022, conditioned upon compliance with the District of Columbia's Special Inspection Program. Ex. 115.

3. Debtor does not own the Property. It is undisputed that (i) Debtor sold the Property to residential unit owners sold Unit 3 at the Property to Nikola Komljenovic and Darinka Komljenovic through a February 12, 2020 Purchase Agreement on which the seller and purchasers closed in March 2020; (ii) Debtor sold Unit 2 at the Property to Swati Sachdeva and Kushan Dave through an October 22, 2020 Purchase Agreement on which the seller and purchasers closed in November 2020 (Unit 2 and 3 owners are collectively referred to as the "Residential Unit Owners"); and (iii) the Residential Unit Owners control the HOA at the Property (with the Residential Unit Owners and HOA collectively referred to as "Owners".[2]

4. Because Debtor did not own the Property, it could not execute the forms necessary for the Special Inspections Program, obtain a building permit, or enter onto property without permission. *See, e.g.,* Ex. 134 (DCRA Statement of Special Inspections Form) and Ex. 115 at 3 (DCRA stating ""Per DCBC 2017 shall be compliant with the requirement of section "105.3.1 Authorized Applicant" Application shall be by the owner or the authorized Agent.")

5. On January 27, 2022, 4022 LLC asked the Property Owners to grant 4022 LLC authority as the Property Owners' authorized agent to pull the permit necessary to perform the

---

[2] Sushner has not attached documentation to support these facts, but they are not in dispute and Sushner is not attempting to relitigate the OAH hearing but instead to provide context for the OAH matter to understand the grounds for his Motion to Reimburse. The filings in this case by the Residential Unit Owners and the HOA, all of whom are creditors, confirm their ownership of the Property as set forth above.

3

DCRA-approved work. Ex. 116. On February 7, 2022, the Owners responded by questioning the DCRA-approved design and demanding that Debtor address 68 unrelated defects as a condition for Owners to allow Debtor to perform the structural repair work of the OTC. Ex. 118.[3]

6. Debtor's efforts to obtain permission to voluntarily perform structural work at the Property continued throughout 2022 and well into 2023. *See*, *e.g.*, Ex. 129, a November 2022 email from Debtor's [then] counsel to City Council members, the Deputy Mayor's office, the Chief Building Official and Senior Engineer DCRA, and others (all of whom the Owners had contacted with complaints about the Property).

7. During this period of time, on January 21, 2022, Owners filed an eight-count Complaint in Superior Court (2022-CA-00305 B) against Debtor, Sushner and others, with each count containing an ad damnum of at least $2,000,000 and certain counts seeking treble damages. The Superior Court dismissed that case as to Debtor and Sushner on September 7, 2022, on grounds that the purchase agreements required Owners to arbitrate all claims as to Debtor and Sushner. Ex. 130.

8. Debtor filed this bankruptcy case on October 20, 2023.

9. The Owners and Sushner agreed to proceed to arbitration on the bifurcated issue of Sushner's individual liability, and a hearing took place on December 18 and 19, 2023, and on March 19, 2024, Arbitrator Judith B. Ittig issued a Final Award in Sushner's favor. Ex. 154 (this document was marked for identification but not introduced at the OAH Hearing. The fact of this award is not in dispute and this Court may take judicial notice of it). The Superior Court has

---

[3] In the same mail, the Owners said that their requirement for Debtor to perform 68 additional items in order to receive the Owners' permission to perform the structural repair work ordered by the OTC was "but one of many that will be required, as outlined in our pending lawsuit that has now been filed." Ex. 118.

since affirmed the arbitration award and entered judgment "in favor of Steven Sushner ("Respondent") and against Plaintiffs 4022 Georgia Avenue Condominium Association, Nikola Komljenovic, Darinka Komljenovic, Kushan Dave, and Swati Sachdeva (collectively "Claimants") on the issue of the Individual Liability of Steven Sushner for the LLC's torts, acts, and/or omissions." *See Order Granting Motion To Alter, Amend, Or Correct And Amended Order Denying Plaintiffs' Motion To Vacate Arbitrator's Final Award On The Individual Liability Of Steven Sushner*, D.C. Super. Ct. Case No. 2022-CA-000305-B, Oct. 23, 2024 (Hon. Maurice A. Ross). Attached as Exhibit C.

10. Over the Trustee's objection, OAH granted DOB leave to proceed with the OAH Litigation on the grounds that the case fell outside the scope of the scope of the automatic stay exception under 11 U.S.C. § 362(b)(4) because the case constituted an exercise of the District's police and regulatory powers. *See* Transcript of OAH Telephonic Hearing, Feb. 8, 2024. Exhibit A.

11. During the OAH Litigation, Debtor had moved for summary disposition on the grounds, in part, that the OTC was legally flawed and unenforceable (i) because it ordered Debtor to perform work that, by law, debtor was not allowed to perform; (ii) because the Owners had obstructed the work and prevented it from being performed; and (iii) because the Owners were necessary parties to the case as the owners of the property and complete relief could not be afforded in their absence. *See 4022 Georgia Avenue, LLC's Motion for Summary Disposition*, May 15, 2023, attached as Exhibit D. OAH denied the motion without prejudice.

12. The District of Columbia did not take any action in response to Debtor's December 16, 2021, Notice of Appeal from the OTC for well over a year. Instead, DOB advised Debtor on January 17, 2023 that it was compiling its records "in advance of a civil action against

your client, 4022 Georgia Avenue LLC, among others, concerning the failure to comply with the December 2, 2021 Order to Correct concerning 4022 Georgia Avenue, N.W." Ex. 144. On January 25, 2023, the D.C. Office of the Attorney General ("OAG") advised Debtor that it intended to pursue legal action against Debtor for alleged failure to abide by the December 2, 2021 Order to Correct, complete tasks, meet deadlines, or timely appeal the OTC; advised Debtor of "Injunctive Relief Sought for Failure to Abide by an Order to Correct"; and stated that "if OAG proceeds with legal action against you, we will seek all relief allowed by law." Ex. 147.

*13.* When Debtor advised the District that the Debtor *had* filed a timely appeal in December 2021, DOB and OAG desisted in their threats of enforcement action against Debtor and eventually, on March 20, 2023, OAH issued an Order Scheduling Status Conference for March 30, 2023, which began the administrative hearing process that led to the April 2024 evidentiary hearing. *See* OAH Order for Status Conf. 21-DCRA-00091 (Mar. 20, 2023), attached as Exhibit E.

14. Judge Crichlow issued OAH's Final Order on or about May 14, 2024. *See* OAH Final Order, May 14, 2024 attached as Exhibit B ("OAH Final Order"). The Order held, in part, that:

   a. Debtor's Motion for Summary Disposition was denied because "there was a material dispute as to whether the current owners of the property were preventing 4022 LLC's compliance with the OTC, a material fact in the case." OAH Final Order at 2.

   b. The case "falls within the 'government police or regulatory exception". DOB's OTC is designed to have Petitioner fix what all parties agree is a serious structural defect. There is no evidence that DOB is trying to recover costs, fines, damage, or other financial costs from Petitioner. DOB's objective in issuing the OTC is to protect the safety, welfare, and consumer rights of DC residents. 4022 LLC's lack of resources does not diminish DOB authority to make DC residents safe nor has 4022 LLC provided any authority to that point." OAH Final Order at 5.

- c. Debtor's challenges that the Owners are necessary parties, that they prevented Debtor to secure required permits, and that the OTC failed to state a claim for which relief can be granted, "can not be decided by this court."[4] OAH Final Order at 6.
15. Debtor appealed the OAH Final Order and filed its Petitioners' Brief with the District of Columbia Court of Appeals.

### III. Argument

The record makes clear that if Debtor had not defended against the District of Columbia's case in the OAH Litigation, Debtor would have faced enforcement action from the DOB and the District of Columbia Office of the Attorney General. OAG expressly stated its intent to pursue injunctive relief and "all relief allowed by law." Prior to the engagement of Special Counsel, OAH had ruled against Debtor and in favor of DOB in finding the OTC to constitute an exercise of the District of Columbia's police and regulatory power that fell outside the scope of the automatic stay provisions of 11 U.S.C. § 362. Debtor had no resources and no means of defending against any action brought by the Office of the Attorney General or any other agency and Debtor's failure to have complied with an injunction or other order entered against Debtor could have exposed the Trustee to a motion for contempt or other civil (and potentially) criminal penalties. The Debtor has materially and demonstrably benefited from Special Counsel's defense of the OAG litigation.

In addition, OAH's "Final Order", now on appeal, is untenable on its face. It expressly identifies the question of the Owner's interference with Debtor's ability to comply with the OTC as a material fact that prevented an order for summary disposition under OAH Rule 2819.1 (the OAH equivalent of summary judgment) in Debtor's favor, while simultaneously stating the issue

---

[4] OAH made that ruling despite its ruling in the same opinion that the question of whether the Owners had prevented Debtor's compliance with the OTC was a disputed material fact that prevented summary disposition in Debtor's favor.

"cannot be decided by this Court." Other aspects of the OAH Order are equally problematic, including the threshold principle that <u>Debtor cannot be compelled to do that which it is without authority to do</u>. Special Counsel's actions have prevented the District from moving forward with an action against which the Trustee could not defend, the decision of OAH is not final, and Special Counsel have created a solid record at the trial level by which OAH's Order may be reversed on appeal. The fees and costs of Special Counsel have been provided with the initial Motion to Reimburse and the Trustee does not take issue with the amount of the fees or the quality of the work at issue. Sushner renews his request for the Court to allow reimbursement for all or part of those costs for the reasons stated.

Dated: February 5, 2025                Respectfully submitted,

/s/ Mark D. Crawford
Mark D. Crawford
Law Offices of Mark D. Crawford, PLLC
1005 N. Glebe Road, Suite 210
Arlington, VA 22201
(202) 256-1244
mcrawford@mdc-law.com
Counsel for Steven Sushner

Thomas J. Powell, Esq.
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Tom.powell@offitkurman.com
(703) 745-1800

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2025, copies of the foregoing were filed with the Clerk of the Court using the ECF system, upon the following:

United States Trustee
Attn: Kristen S. Eustis
1725 Duke Street, Suite 650
Alexandria, VA 22314

Wendell W. Webster, Trustee
1101 Connecticut Avenue, NW Suite 402
Washington, DC 20036

Justin Philip Fasano
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070
*Attorney for Trustee*

Robert M. Marino
Redmon Peyton & Braswell, LLP 510 King Street
Suite 301
Alexandria Virginia 22314
*Debtor's Attorney*

/s/ Mark D. Crawford
Mark D. Crawford